| | |
|---|---|
| 1 | Mark A. Finkelstein (State Bar No. 173851) |
| 2 | mafinkelstein@jonesday.com<br>JONES DAY |
| 3 | 3161 Michelson Drive<br>Suite 800 |
| 4 | Irvine, CA  92612<br>Telephone:   (949) 851-3939 |
| 5 | Facsimile:    (949) 553-7539 |
| 6 | Attorney for Plaintiff<br>ENTREPRENEUR MEDIA, INC. |
| 7 | |
| 8 | UNITED STATES DISTRICT COURT |
| 9 | CENTRAL DISTRICT OF CALIFORNIA |
| 10 | |

| | | |
|---|---|---|
| 11 | ENTREPRENEUR MEDIA, INC., a California corporation, | CASE NO. 8:12-CV-02168-CJC-AN |
| 12 | | DECLARATION OF RONALD L. YOUNG |
| 13 | Plaintiff, | |
| 14 | v. | Hearing Date: July 17, 2014 |
| 15 | ARIADNE CAPITAL LIMITED, a U.K. company and ENTREPRENEUR COUNTRY, an unknown entity, | Time: Not Set<br>Judge: Hon. Arthur Nakazato |
| 16 | | |
| 17 | Defendants. | REDACTED PUBLIC VERSION |

I, Ronald L. Young declare as follows:

1. I am the General Counsel for Plaintiff Entrepreneur Media, Inc. ("Plaintiff" or "EMI"). I have been EMI's General Counsel for nearly 27 years and am familiar with EMI's files relating to legal matters. I have personal knowledge of the matters set forth herein, and if called upon as a witness could competently testify thereto.

2. I have reviewed the Requests for Production served by Ariadne Capital Limited in the above-captioned matter.

3. For Request 1, I, or someone under my direction, searched EMI's files for any documents concerning Ariadne, EntrepreneurCountry, or the EntrepreneurCountry Mark. Any documents that were located were provided to Jones Day, EMI's outside counsel. It is my understanding that all non-privileged documents responsive to this request have been produced.

[Paragraph 4 redacted]

5. For Request 5, I provided to Jones Day a copy of a then-current issue of *Entrepreneur* magazine. I have confirmed that back issues of *Entrepreneur* magazine are available for purchase by the public on EMI's website, www.entrepreneur.com.

6. For Request 13, I, or someone under my direction, searched EMI's files for any documents reflecting confusion between EMI's goods and services and Ariadne's goods and services. To date I have not located any documents which reflect actual confusion between EMI's goods and services and Ariadne's goods and services.

7. For Request 15, I provided Jones Day with financial data showing

1  EMI's revenues dating back to 2009.

2      8.    For Requests 16-19, I provided any documents identified in EMI's Rule 26(a)(1) disclosures, or relied upon to respond to Ariadne's Interrogatories or Requests for Admission to Jones Day, and it is my understanding that such documents have been produced.

[Paragraphs 9 redacted]

10.    For Request 34 regarding EMI's document retention policies, EMI has document retention policies in place to comply with local, state and federal laws and regulations. These policies relate to documents such as tax records, personnel files, and other regulated categories of documents.

11.    For Interrogatory 5, I, or someone under my direction, searched EMI's files for non-privileged documents related to Ariadne, EntrepreneurCountry, or the EntrepreneurCountry Mark, including communications. To my knowledge to date, there are no non-privileged communications with third parties regarding Ariadne, EntrepreneurCountry, or the EntrepreneurCountry Mark in EMI's custody or control.

[Remainder redacted]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21      I declare under penalty of perjury under the laws of the United States of
22  America that the foregoing is true and correct.
23      Executed this 26th day of June, 2014 in Irvine, California.
24
25
26      /s/ *Ronald L. Young*
    Ronald L. Young
27
28